**Peter V. WALKER and Mary L. Walker, his wife**

v.

**Robert K. ALLEN, Sr.**

**Civ. A. No. 27362.**

United States District Court
E. D. Pennsylvania.

July 12, 1960.

William C. Schultz, Jr., Krusen, Evans & Shaw, Philadelphia, Pa., for plaintiffs.

Henry T. Reath, Duane, Morris & Heckscher, Philadelphia, Pa., for defendant.

GRIM, District Judge.

Defendant has moved to transfer this diversity action to the United States District Court for the District of Maryland

---

at Baltimore, pursuant to 28 U.S.C.A. § 1404(a).

The automobile accident out of which the action arose occurred at Perryville, Maryland. Perryville is 40 miles northeast of Baltimore and 60 miles southwest of Philadelphia, where the case would be tried in this court. Plaintiffs reside in Atlantic City, New Jersey, 60 miles southeast of Philadelphia. Defendant resides at Bridgeport, Pennsylvania, 15 miles northwest of Philadelphia. The wife-plaintiff, who suffered the injuries on which the action is based, was treated first at a hospital at North East, near Perryville, but had most of her X-rays and hospital treatment at Atlantic City.

Factors favorable to transfer are that an eyewitness resides near Perryville, that the Maryland state policemen who investigated the accident are stationed at Conowingo, near Perryville, and that the wife-plaintiff's injuries were first treated at a hospital (some of whose personnel might be witnesses) at North East. Defendant avers additionally to support his motion to transfer that the owner and operator of a truck involved in the accident could be joined as additional defendants if the case were transferred to Maryland, because of the Maryland nonresident motorist act, Code 1957, art. 66½, § 1 et seq., but that they cannot be joined in this District because the accident did not happen here. He contends that the transfer would be wise because it would make it possible to dispose of the third party problems as well as the original suit in one action. Also, defendant avers that the possible third parties, the owner and operator of the above-mentioned truck, have made settlement with the plaintiffs and that, therefore, problems will arise involving the construction of the Maryland Uniform Contribution among Tort-Feasors Act, Code 1957, art. 50, §§ 16–24, which the Maryland court could probably handle better than this court. Defendant also avers that the case can be tried sooner in Baltimore.

Factors favorable to the retention of the case in this court are that defendant resides in this District, that the residence of the plaintiffs and of the wife's four treating physicians is Atlantic City (which is 60 miles from Philadelphia but 140 miles, or thereabouts, from Baltimore), that plaintiff's examining physician is in Philadelphia, and that the owner of the truck (plaintiffs aver) can be served in this District.

This, after all, is the forum chosen by plaintiffs. The scene of the accident is not remote from this court, but roughly midway between Philadelphia and Baltimore. The witnesses who reside near the scene are within the orbit of this court's subpoena power. One court is as convenient for them as the other. I anticipate that problems of the construction of the Maryland Uniform Contribution among Tort-Feasors Act will not be very difficult for this court, if they should arise. Under the circumstances of this case I believe the problem of the third party action is not as important as defendant contends, since it may be possible to join one of the two desired parties.

Moreover, since plaintiffs reside in New Jersey and defendant resides in Pennsylvania this action could not have been brought in the District of Maryland, in which neither resides, 28 U.S. C.A. §§ 1391(a), 1404(a), and hence, apparently, the action cannot be transferred to that district, Hoffman v. Blaski, 1960, 363 U.S. 335, 80 S.Ct. 1084, 4 L.Ed. 2d 1254.

The motion for transfer will be refused.